Under 38 U.S.C. 7104D, the Board of Veterans' Appeals is required to provide written reasons or bases for its findings of fact and conclusions of law. Mr. Lawson served from 1966 to 1968 and suffered a motor vehicle accident which caused him to have a depressed skull fracture. Later on, after service, Mr. Lawson suffered a stroke and filed a claim for service connection for that stroke. There was conflicting evidence, and at his hearing before the Board of Veterans' Appeals, his legal representative requested that the Board consider obtaining an independent medical examination. Can I ask a technical question? I think that request was made citing 3.328 of the regs, is that correct? Yes sir. Yes your honor. Was that the correct regulation? I mean, isn't that regulation the one that you cite if you're going to request from a independent study? Yes your honor. I thought it was under 38 CFR 20.901D, dealt with the Board's authority to do this. Yes your honor, but the 3.328 regulation can be made at any time. A request for an IME can be made by a representative at any time because the Board reviews de novo all the findings of facts and conclusions of law at the regional office. Were you requesting to be sent back to the RO? Yes, requesting, actually it's a request for an independent medical examination or opinion based on the complexity of the legal facts, complexity of the medical facts. In this case, whether or not a stroke was due to a depressed skull fracture. Didn't the BVA's opinion conclude that there wasn't any medical complexity or controversy? From my... The way I read the BVA's opinion was that they said, well, your doctor and your chiropractor who were the two pieces of evidence that created a complex or controversial situation. Correct me if I'm wrong, I read the BVA to be saying, well, we're going to ignore that evidence. The chiropractor and the doctor's point of view simply wasn't supported. Once they say that, then it's no longer a contest because you've got the report that was done by the agency, right? That finds fault with the chiropractor and the other doctor. There were, it was a controversy of medical opinions. There were both medical opinions for and against that were submitted to the board. There was an opinion from a chiropractor and an opinion from a board certified neurologist. That's the whole point, there wasn't a medical exam, wasn't there? A medical examination by VA, but under the regulation, a claimant, a veteran, can request an independent medical examination outside the VA whenever there's complexity. For example, in this case, you have a neurologist for the veteran saying that his stroke is due to his compressed skull fracture. And on the other side, you have VA's own doctor saying that it's not due to the skull fracture. But the board are making a factual finding that the opinions of Dr. Dobemire and Swindler carry little of any probity value. Yes, Your Honor. That's their finding of fact, but it's a contradiction. Doesn't that, in essence, eliminate the controversy? No, Your Honor, because this is a question of reasons or basis. When a representative at the board requests an IME, it's not applicable law. The board has to address its decision why. Let me ask you this question. Let's assume that the BVA decision here had said in a final concluding paragraph, with regard to the request for an IME under 3.328, we do not believe that we should invoke our discretion, which the board has, to pursue such a study, because we find that when reviewing all the evidence, there is no complexity or controversy here, that we discount the evidence from the doctors Dobemire and Swindler to the extent that it's of no real effect, and consequently, we reject the request for an IME. If the opinion had said that, you wouldn't be here, right? That's correct. So if we remand the case and the board says that, then you're out of luck, correct? But that's reviewable by the Veterans Court, by the lower tribunal, sir, Your Honor. But at that point… Well, what I'm trying to get at is what I understand the government's argument to be, that even if there was error here, it's harmless. The government's… I'm trying to get a hold of what your client can get if we ruin your favor. All you're asking for, I believe, is a remand through the CAVC back to the BVA to let the BVA write down perhaps what I just said, right? Your Honor, when cases are remanded from the Veterans Court to the board, there's a 90-day period of time in which claimants, veterans, can submit new argument and new evidence. At that time, Mr. Lawson can submit a new medical opinion from his neurologist after reviewing the records saying, Mr. Lawson doesn't have diabetes. Really? Isn't the only issue on the remand for the board to be able to state what it may not have stated clearly in its opinion? No, Your Honor. On remand from the court, the Veterans Court down to the board, the veterans and their representative have a 90-day period to submit new evidence and argument across the street to the Board of Veterans' Appeals. That's why veterans want remands over reversals because it allows them an opportunity to submit new evidence and argument that they didn't have. Most veterans are not represented by counsel down below, and in fact it was contrary to law only until recently for veterans to have counsel and pay them more than $10 to represent them. Doesn't the regulation say an advisory opinion may be obtained? It's permissive. And secondly, isn't all this a question of application of law to fact which is beyond us? The court's jurisdiction in this matter is when there's undisputed in cases where the material facts are not in dispute and the adoption of a particular legal standard would dictate the outcome of a veteran's claim, the court treats the application of law to undisputed fact as a question of law. Most recently, the court decided a case called Moore v. Shinseki. In Moore, Moore was a very similar case. There are undisputed facts just as in Moore there are undisputed facts in this case. Well, what's the error of law here? The application of law to undisputed facts. The undisputed facts are that the board did not discuss the application of whether or not the veteran was entitled to an IME. That's the error of law. Explicitly. It did not explicitly. No, and under reasons or bases, it has provided its written reasons or bases. When the Veterans Court reviewed the error down below, they determined that even though the secretary had conceded that the board decision did not discuss whether an IME was applicable in this case. The CAVC decision didn't say that there had been a concession of error. But the party's briefs. I'm just trying to be very clear. I know you think there was a concession of error, but the CAVC opinion didn't say that. That's correct, Your Honor. Which is what you just implicated. That's correct. Okay. The court did not say there was a concession of error, but clearly in the secretary's brief to the court, the secretary said that there was no reasons or bases error because the court should not find there was an abuse of discretion because the secretary did not exercise their discretion because it did not discuss. Mr. Rabin, in our Cook versus Principe opinion, haven't we said that this type of dispute is one over which we have no jurisdiction, when the only argument that's being made is the sufficiency of the written opinion of the Veterans Court? Haven't we suggested that is an issue questioning facts, not law? Cook was decided before a string of cases most recently with Moore about the court's jurisdiction, and Cook is distinguished in this matter. It was argued by Mr. Carpenter, and it was distinguished a little bit on the Veterans Court jurisdiction rather than whether or not this is an application of law to undisputed facts. It's undisputed that the board decision did not address this applicable law of IME. The court's jurisdiction to undisputed fact is treated as a question of law. Otherwise, the interpretation of 7104D would never reach this court. If the Veterans Court held, as in Moore, in a very similar way, that the failure of the board to discuss applicable law is not a failure to provide reasons or bases. Would that be a distressing proposition if we didn't review that particular facet of the way the Veterans Court does its business? Generally, if we're reviewing a district court, we don't fault them for failing to give adequate discussion to a specific point. Yet you're saying we should treat the Veterans Court differently based on this particular written provision. Because the statute is written in such a way that 7104D requires the lower tribunal, the board, to provide reasons or bases because proceedings before the board are non-adversarial, and probably 99% of veterans are not represented by counsel but by volunteers. 7104D states within it what policies it's trying to drive. It says the reason why we want to make certain that the BVA writes down its reasons why it is not granting a request by a veteran is first so the veteran will know why he lost, and secondly to facilitate appellate review. Those are the two policies. Here there's a finding by the CAVC that our appellate review wasn't impeded in any way, and your client, I think, knows why the independent medical exam wasn't discretionarily called for because the BVA made a decision that there's no evidence in the record that really supports your client's point of view. But it doesn't cover why... That has to be what your client reads out of the BVA opinion. Sure, but nowhere in that BVA decision does it address whether or not the veteran is entitled to an independent medical examination based on the controversy of the facts. But I would say if you take away the controversy, if there's no controversy, then you can't get anywhere near the regulation at all. Then there would never be a controversy. No, you could have a controversy in which the BVA looks at a record and says, gee whiz, this chiropractor is really the finest chiropractor in the entire country, and we credit his opinion, and Dr. Doblemeyer is highly recognized, and we fully credit all of her opinions. If that's what the BVA had said, then you'd have a controversy. That's right. But in addition to controversy, under reasons or basis, the board is required to address all applicable law. So that gives a veteran an understanding of why his arguments by his representative are found to be lacking. What I'm trying to get at is I would think that your client would understand why no IME was discretionarily called for here is because the board made a decision there wasn't any need for it. But the board never addressed that. The board never addressed the IME. They have to have addressed that there wasn't any need for it because they said there was no controversy. That's why I'm trying to get back to the question of why isn't it harmless there, even assuming that the board didn't write down, didn't cross the T's and dot the I's. Why isn't the error harmless? The error is not harmless because on remand two things happen. Number one, the veteran has the right to submit new material. The only reason why you get the remand is if there was harmful error. Right. The harm is that the reasons are bases. It affects the substantial fairness of the proceedings. The substantial fairness is having a decision that has written reasons or bases that the veteran can understand the basis for rejection of his argument. Unless the harmless argument goes, unless it is so clear that everybody knows why there was no IME that was discretionarily called for. But, Your Honor, I would argue the harm is that the board didn't address whether or not there was a controversy of the medical facts in which the application of the IME. Well, if they knock the, you know, if the stool, if your client's stool has got three legs on it and they knock all three legs out, then the stool doesn't stay there anymore. Mr. Raven, you're well into your rebuttal time. Yes. Well, why don't we hear from the government and we'll give you three minutes. Thank you, Your Honor. May it please the court. The court should dismiss this appeal for lack of jurisdiction because the issue raised requires the court to review an application of law to fact. Why is that? Further. Why is that? This case is on all fours with the Cooke v. Principe decision that was discussed while Mr. Raven was up here. In that case, the question whether the Veterans Court properly applied 7104D in finding that the board adequately articulated the reasons and bases for its decision was found to be outside the court's jurisdiction. Mr. Raven indicated that the Cooke decision really had to do with the Veterans Court's jurisdiction, but that's incorrect. There were two issues in the Cooke decision. One was the court's jurisdiction. The other one was whether or not the reasons and bases provided for the board's decision was adequate for purposes of 7104D1. And this court found that if we're just looking at the adequacies of the board's decision, then it clearly is a jurisdictional issue not within this court's jurisdiction. If the Veterans Court, instead of saying that the board had adequately addressed the reasons and bases issue, had said the board's not required to address the reasons and bases for its decision, that would be a legal issue that would be within this court's jurisdiction. But that's not what happened. In his brief, Mr. Lawson claims that the board permissively allowed the board not to address the issue. That's clearly not what happened. The Veterans Court's decision is very clear on the jurisdictional issue. For that reason, the court shouldn't even entertain this appeal. However, even if the court does find the jurisdiction holds here, then the court should find that the Veterans Court did not misinterpret Section 7104D. The Veterans Court expressly found, citing- You're basically saying that this court doesn't have any authority to police 7104. This court- Under Cooke against Brinkley. Under the Cooke decision, this court doesn't have the authority to police 7104 if it requires the court to look at the reasons and bases provided by the court. It's a factual issue. I'm sorry. But if, in fact- Unless the BVA says in its opinion, we refuse to consider your request for an IME. That would be adequate grounds for jurisdiction. Or if the Veterans Court had engaged in some sort of interpretation of 7104D1. But that's not what happened here. The Veterans Court merely found that the board- What's the difference between the BVA saying, we refuse to address your request for an IME, and simply not addressing the subject at all in the opinion? Well, the board here did address the subject in the opinion, and that's exactly what the Veterans Court found. The Veterans Court found that the board adequately addressed the issue of whether or not an independent medical examiner's opinion was warranted. If the- What I'm trying to get at is that you have a very, very narrow- Under 7104, if you look it up in your Westlaw, you're going to find hundreds of cases in which the CAVC kicks these things back to the BVA when the BVA does not discuss an issue that's raised by the veteran, does not explicitly do it. As a matter of fact, attorney's fees under EJR are awarded to the counsel for the veterans who get a remand for that reason. What you're saying is that that's policed entirely by the CAVC. That's correct. And in this case, the CVAC considered the issue raised by Mr. Lawson below, which is that the board didn't adequately address his request for an IME, and found that the board did adequately address the request for an IME, and there's ample language in the board's opinion to support that. Now, that's getting more into the non-jurisdictional issue, which is whether or not the CA Veterans Court properly interpreted 7104. The board said, we have considered all the evidence submitted by Mr. Lawson, and the board is presumed to have considered all evidence of record presented to it, and we find that the medical reports of record are sufficient. No further development is required. That's exactly what the board found. And that, combined with what Judge Your Honor had mentioned before, they looked at the reports in the record. They found there was no controversy. The two reports submitted by Mr. Lawson's representative were of no probative value, and the report submitted by the secretary, which had reviewed all of the records starting from the time that Mr. Lawson was on active duty, he drew an after he suffered his stroke in concluding that there was no relationship between this car accident that happened 30 years before and the stroke that Mr. Lawson suffered in 1996. Do you agree with Mr. Lawson that if he got a remand here, he ranks the record open for 90 more days? To the extent that that's not something that Mr. Lawson argued in his brief, to the extent that that is his intent, then I would suggest that the court remand back with instructions for the Veterans Court to remand for the sole purpose of asking the board to address the issue of whether an independent medical examiner's opinion was required. It sounds like Mr. Lawson, Mr. Lisser, when it comes to the board. That's why I'm asking you. I mean, his point of view is that the air here really isn't harmless because what he's looking for is a 90-day time period in which he can go find somebody other than Dr. Dobermire or the chiropractor to get to build up his case. Is he right or is he wrong? He's wrong because the court can remand back and say it's for the sole purpose of the board articulating its reasons for not. What's the basis for this 90-day automatic reopening of the record to submit new evidence? Is that in a regulation or is that? I'm not aware of that regulation. My understanding is that there may be some basis for that, but it's not something that Mr. Lawson argued in his brief. And I'd be happy to provide supplementary briefing on that issue later. But with respect to harmless error, under normal circumstances, we would not have addressed the harmless error issue here because technically it's not within the court's jurisdiction. But in the court's Shemraj case, it found a certain intersection between Section 7292 and this whole harmless error standard. So we're not asking the court to change that standard. But if the court considers harmless error here because it was raised by Mr. Lawson, the question is whether the outcome would change below. Mr. Lawson has conceded that if the case is remanded back, that the board would not find that an independent medical examiner's opinion is somehow warranted. He simply wants to, it sounds like today, do sort of an end run around the process to get another bite at the apple when he doesn't deserve it. Well, how do we know he doesn't? You're telling me you don't know about this 90-day regulation, if there is such a regulation. What we would ask the court to do is to remand for the sole purpose of... And thereby, perhaps, cut his legs off from anything on the right he may have to 90 more days? Well, based upon something Judge Lori said, it sounds like it's permissive and that there could be an advisory opinion issue. But it wouldn't be cutting his legs off because... No, what he's trying to argue is he wants to get a 90-day window in which he can go get his own opinion that will recreate a controversy which no longer exists based on the BVA opinion. Let's assume he goes and gets his own independent medical exam by the world's leading expert on strokes and says, you know, there's no question about it, the stroke is related to the accident in the military all those years ago. Well, in that case, then, if he's permitted below because the court doesn't limit the scope of the remand to supplement the record to create a controversy... Well, my only question is how can we limit the scope of the remand if we are in the process of violating a right that the veteran may have? I haven't heard Mr. Lawson's counsel assert that he had a right to do that. He said there is a regulation out there that may somehow provide that, but I haven't heard him assert a right and he didn't brief that issue. So I would ask the court to provide us with an opportunity to brief it. But the court doesn't even need to get to the harmless error issue. It's only when we get to harmless error that this comes up. And as I said, our usual position is the court doesn't have jurisdiction over harmless error because it requires an application of law and fact. Your usual position or our holding? I'm sorry. You're right. It's the court's usual. Well, the Shemraj decision does provide a narrow set of circumstances under which if there's a legal issue that the court decides and the opinion can be upheld. Well, that comes back to the point that Judge Rader made initially, which was if Cook against Principe covers this case, it covers the case. And this has been a very interesting discussion, but it's beyond us. If there's no jurisdiction here, we never get to harmless error. Of course. If the court finds that the Veterans Court properly interpreted 7104D1, we never get to harmless error. It's only if we get to harmless error that this whole issue of Mr. Lawson on remand bringing in new evidence to somehow change the board's mind becomes before the court. We would ask the court never even get to that. Our primary argument is that there's no jurisdiction here and Cook v. Principe is on the side. You can't fault us for asking questions to find out whether you're right. No, I don't fault you, Your Honor. But, like I said, our initial argument is no jurisdiction. If no jurisdiction, there was no misinterpretation of 7104D1. And if the court has no further questions, I'd like to sit down. Thank you, Ms. Hosford. Mr. Raven has three minutes. Your Honor, if the board said in its decision, we don't have an obligation to provide reasons or bases because we just don't like Mr. Lawson. And that went to the court, and the court said, oh, that's a fine decision. If this court didn't have jurisdiction, this court would certainly have jurisdiction over that question because then it would be whether or not 7104D requires the board to provide reasons or bases. There's no difference, as you pointed out in your question, between saying Mr. Lawson has a right to reasons or bases versus not saying it at all. But it would almost require that extrema case, wouldn't it? I think, as Judge Clevenger pointed out, this provision is really enforced primarily by the Veterans Court, isn't it? Yes. The Veterans Court is the one that ensures this happens. And in circumstances like you're bringing to us, it would require us to get into the facts to determine whether there's an error, wouldn't it? And that's what Cook v. Principe says we can't do. Your Honor. Am I missing something there in that chain? Yes. What am I missing? This is an extreme case where the board is saying it's an extreme case. This isn't the extreme case that you just gave us where the board says we don't like the veteran, we're against veterans so we're not going to give any judgment. And the Veterans Court says, oh, that's right. This isn't that. This is a question of whether or not your doctor and your chiropractor even looked at the factors that would have influenced a stroke. And the veterans' doctors, who on a couple of occasions looked at it, said there's no relationship. And we're going to have to get into those medical facts if we want to decide whether there's an error here, right? Not exactly, Your Honor. Okay, help me out. I respectfully disagree in saying this is no different. The distinction between saying we're not providing reasons or bases to address the argument raised by Mr. Lawson versus simply not addressing the argument. There's no impact of both statements, either not addressing or both situations not addressing or simply saying they refuse to address. The impact is the same. The end result is the same. Veterans Court has affirmed either of those decisions. That is an application of law to undisputed fact. It's undisputed, and the application of that law to fact is actually a question of law of how 7104D is interpreted. This case is not a floodgate. This case will not open the floodgates to many cases coming up here based on the Veterans Court not finding that it applied 7104D correctly or erroneously. This is simply on whether or not this what we're asking is whether or not the court can affirm a lower holding by the Veterans Court, which once said that all board decisions must comply with 7104D. I see my time is up. Finish your concept. Just affirming the lower tribunal's holding in a case called Shaffroth, which says that all board decisions must consider and discuss all applicable law raised, including arguments raised by Veterans Council. Thank you very much. Thank you, Mr. Raven.